# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GENE BLACK,<br><br>   Plaintiff,<br><br>   v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1],<br><br>   Defendant.<br>_____/ | Case No. 1:24-cv-01303-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.   INTRODUCTION

Plaintiff Jason Gene Black ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II.   BACKGROUND

Plaintiff was born in 1971, completed high school, and previously worked as a brake operator and supervisor. (Administrative Record ("AR") 28, 29, 54–57, 65, 79, 217, 231, 276, 285.) Plaintiff

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2]  The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9.)

filed a claim for DIB on March 31, 2022, alleging he became disabled on November 30, 2018, due to lower back pain, knee pain, degenerative arthritis in his spine, arthritis in his knee, post-traumatic stress disorder ("PTSD"), sleep apnea, and anxiety. (AR 17, 100, 106, 216.)

**A.    Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on September 9, 2022, and again on reconsideration on February 14, 2023. (AR 17, 100–111.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 112–14.) The ALJ conducted a hearing on November 8, 2023. (AR 35–64.) Plaintiff appeared at the hearing with his non-attorney representative and testified as to his alleged disabling conditions and work history. (AR 41–53.) A Vocational Expert ("VE") also testified at the hearing. (AR 53–64.)

**B.    The ALJ's Decision**

In a decision dated January 30, 2024, the ALJ found that Plaintiff was not disabled. (AR 17–30.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 19–30.) The ALJ decided that Plaintiff last met the insured status requirements of the Act on March 31, 2022, and he had not engaged in substantial gainful activity from November 30, 2018, the alleged onset date, through March 31, 2022 (step one). (AR 19.) At step two, the ALJ found Plaintiff's following impairments to be severe: lumbar degenerative disc disease, bilateral knee osteoarthritis with left medial meniscus tear, exogenous obesity, PTSD, and adjustment disorder with features of depressed and anxious mood. (AR 19–20.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 20–22.)

The ALJ assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four,

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

2

we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§] 404.1567(b) except he can occasionally climb, balance, stoop, kneel, crouch, and crawl. He must avoid workplace hazards such as unprotected heights and moving machinery. He should be allowed to shift positions from sitting or standing every hour for up to a minute while remaining on task. He can understand, remember, and carry out simple work instructions, and he can have occasional interaction with coworkers and the public.

(AR 27–33.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms [,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence for the reasons explained in this decision." (AR 24.)

The ALJ determined that Plaintiff could not perform his past relevant work (step four) but that, given his RFC, he could perform a significant number of jobs in the national economy (step five). (AR 28–30.) In making this determination, the ALJ posed a series of hypothetical questions to the VE. (AR 57–61.) The VE testified that a person with the RFC specified above could perform the job of housekeeping cleaner. (AR 57–59.) The ALJ ultimately concluded Plaintiff was not disabled at any time from November 30, 2018, the alleged onset date, through March 31, 2022, the date last insured. (AR 31–32.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on September 17, 2024. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

### III.     LEGAL STANDARD

**A.     Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However,

"[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.     DISCUSSION

Plaintiff asserts two claims of error: 1) Plaintiff's physical RFC was not supported by substantial evidence because the ALJ failed in his duty to develop the record and obtain an opinion from an examining physician; and 2) the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints. (Doc. 13.) The Court agrees that the ALJ erred

5

by not fully developing the record and will remand for further proceedings on that basis.

**A.     The ALJ's Physical RFC Determination is Not Supported by Substantial Evidence**

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. § 404.1545(a)(1)-(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g.*, *Petrini v. Berryhill*, 705 F. App'x. 511, 512 (9th Cir. 2017).

In this case, the State agency medical consultants found that there was "insufficient evidence" prior to and including the date last insured to evaluate Plaintiff's claim and make a functional assessment of his medically determinable physical impairments. (AR 71, 75, 88, 89.) The ALJ "considered" these statements but found that "they were not opinion evidence of [Plaintiff's] work-related abilities." (AR 27.)  Significantly, both State agency medical consultants recommended a consultative examination of Plaintiff's physical impairments. (*See* AR 70–71, 86.) No such evaluation or examination was ever conducted, and there was no other opinion evidence of Plaintiff's physical functioning in the record. Thus, the ALJ's RFC determination concerning the severity of Plaintiff's physical impairments (including Plaintiff's lumbar spine and knee conditions) and their resulting functional limitations was based solely on the ALJ's review of the medical evidence and Plaintiff' subjective complaints.

Defendant is correct that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." (Doc. 15 at 10–11 (quoting *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022)). However, an ALJ is not permitted to render their own medical opinions or independently assess clinical findings. *Tackett*, 180 F.3d at 1102–03 ("It is well-settled that an ALJ may not render [her] own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that

an ALJ may not act as their own medical expert); *Padilla v. Astrue*, 541 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (concluding that the ALJ was not qualified to extrapolate functional limitations from raw medical data); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.")). Ninth Circuit courts have found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00232-TUC-SHR (JR), 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022); (quoting *Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-01871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)). When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record irrespective of whether the claimant is represented by counsel. *Ford*, 950 F.3d at 1156 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The absence of a medical opinion is not necessarily fatal, but the RFC determination still must be supported by substantial evidence. *Tackett*, 180 F.3d at 1102–03. This Court is mindful that the ALJ, not this Court, is responsible for resolving conflicts in the evidence and that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60. Further, an ALJ is not automatically obliged to order an independent evaluation/examination upon the suggestion of the State Agency review physicians. *See, e.g., Zargi v. Comm'r of Soc. Sec.*, No. CIV S-08-1677-CMK, 2009 WL 1505311, at *19 (E.D. Cal. May 27, 2009). However, in this case, the ALJ was obliged to exercise caution because "no doctor or other medical expert opined, on the basis of a full review of all relevant records," stated that Plaintiff could perform work between the alleged onset date and the date last insured, let alone satisfy the demands of light work activity,

even with the limitations recognized by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (holding that ALJ "should have exercised caution because "no doctor or other medical expert . . . opined, on the basis of a full review of all relevant records, that [Plaintiff] is capable of working or is prepared to return to work") (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)).

In fact, the only "opinions" in the record were that the evidence was insufficient to render an opinion, and thus did not constitute opinion evidence at all. It is therefore not entirely clear how the ALJ translated the medical evidence into an RFC. The treatment records do not provide sufficient indications of Plaintiff's physical functional limitations. They establish Plaintiff had back and knee pain (*see, e.g.*, AR 366–67, 767, 794, 921, 1003, 1101) but do not indicate the functional limitations caused by such pain. *See Hurt v. Kijakazi*, No. 3:20-CV-00481-CSD, 2022 WL 444355, at *9–10 (D. Nev. Feb. 14, 2022) ("When the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . [the] bare medical findings are unintelligible to a lay person in terms of residual functional capacity.'") (quoting *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986)). Imaging studies of Plaintiff's lumbar spine and knees yielded results such as endplate osteophytes, mild disc space narrowing with grade one retrolisthesis, medial compartment joint space narrowing, tricompartmental chondromalacia with synovitis, torn medial meniscus, and degenerative change (*see* AR 713–17, 1771, 1945, 1948, 1950, 1954, 1957), but again, it is not clear what functional limitations would result. *See Howell*, 2022 WL 2759090, at *7 (MRIs, radiological studies, and X-rays "generally reflect only the findings, impressions, and medical diagnoses, which are difficult for a lay person to interpret.").

The ALJ was therefore required to obtain an additional or consultative medical opinion to allow for a proper evaluation of Plaintiff's physical capabilities after concluding that Plaintiff suffered from several severe impairments. The ALJ did not do so here. Thus, the record was absent any medical opinion concerning Plaintiff's functioning and the ALJ failed to develop the record. Lacking any medical opinions, the ALJ relied on their own interpretation of the medical records in formulating the RFC. In so doing, the ALJ improperly acted as their own medical expert by

assigning RFC limitations without any medical opinion of Plaintiff's physical functioning. The Court is therefore unable conclude that the RFC was supported by substantial evidence. *See e.g., Lorali N. T. v. Kijakazi*, Case No. 4:22-cv-00234-CWD, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (citing cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record.).

This Court finds this was harmful error necessitating remand. *Tommasetti*, 533 F.3d at 1038 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination."). While the ALJ assigned physical limitations restricting Plaintiff to light work with additional limitations, the RFC is still without supporting evidence. Had the ALJ included different limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.[4] *See Clarenda A. S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on her own interpretation of the medical records without any medical opinion of Plaintiff's physical functioning in formulating the RFC).

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds that remand for further proceedings is warranted. *See Osborne v. Commissioner of Soc. Sec.*, No. 1:22-CV-01538-EPG, 2024 WL 1312202, at *5 (E.D. Cal. Mar. 27, 2024) (remanding for further proceedings where the ALJ relied on their own judgment in assessing the RFC without the support of any medical opinion evidence). On remand, the Commissioner shall further develop the record, as outlined above, to allow for proper consideration of the medical evidence related to the time period at issue.

---

[4] This is not to say that the disability determination will or should be different regarding the period at issue, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

**B.     The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

As the Court finds that remand is appropriate for further development of the record, the Court does not reach Plaintiff's additional assertion of error directed to his subjective symptom complaints, which were discounted in part because they were inconsistent with and/or unsupported by that undeveloped record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Jason Gene Black and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 16, 2025**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

10